IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLENDA OLAZABAL,

    Plaintiff,

vs.                                                   Case No.: 11-23499-CIV-UNGARO/TORRES

JACOB'S CLASSIC MARKET, LLC,
JUAN GALLEGOS,

    Defendants,

and

CITIBANK, N.A.,

    Garnishee.
_____/

## ANSWER OF GARNISHEE, CITIBANK, N.A., TO WRIT OF GARNISHMENT

Garnishee, CITIBANK, N.A., by and through its undersigned attorneys, and pursuant to Chapter 77, Florida Statutes, files this answer (hereafter "Answer") to the Writ of Garnishment dated DECEMBER 1, 2011, having been served by Plaintiff on DECEMBER 7, 2011, and states:

1. According to the records of CITIBANK, N.A., it was not indebted to the Defendant, **JACOB'S CLASSIC MARKET, LLC**, (hereafter " Defendant") at the time of the service of the Writ, or at the time of this Answer, or at any time between such times, except as follows:

    (a)    Account No.: ******7661, Title: JACOB'S CLASSIC MARKET LLC, Address: 900 SILKS RUN. SUITE 1790, HALNDLE BCH, FL 33009, Available Balance: $37,421.01.

1443192-1

2. Pursuant to Section 77.19, Florida Statutes, CITIBANK, N.A., has retained **$29,876.00** out of the funds referenced above which represents double the amount specified in the Writ of Garnishment.

3. Pursuant to Title 31, Part 212 of the Code of Federal Regulations, CITIBANK, N.A. has duly examined the above referenced account(s) for protected Federal Benefit Payments and has identified no such protected benefit payments.

4. Except for the account(s) identified above, CITIBANK, N.A. is not otherwise indebted to the Defendant at the time of this Answer nor was it indebted to said Defendant at the time of service of the Writ of Garnishment or at any time between said service and the time of this Answer.

5. Except for the accounts identified above, CITIBANK, N.A. has no other tangible or intangible personal property of the Defendant in its possession or control at the time of this Answer nor at the time of service of the Writ of Garnishment or at any time between said service and the time of this Answer.

6. Except for the address(es) identified above, CITIBANK, N.A. does not have knowledge of any other address for the Defendant. CITIBANK, N.A. does not have knowledge of any other person indebted to the Defendant or who may be in possession or control of any property of the Defendant. Except as noted in the title of the account(s) identified above, CITIBANK, N.A. is unaware of any other person who has or appears to have an ownership interest in any property of the Defendant.

7. CITIBANK, N.A. has retained the undersigned attorneys and is obligated to pay the same a reasonable fee for their services in response to the Writ of Garnishment. CITIBANK, N.A. is entitled to their attorneys fees and costs in this action pursuant to Chapter 77, Florida Statutes.

1443192-1

## DEMAND FOR ATTORNEY'S FEES PURSUANT TO FLORIDA STATUTE § 77.28

Garnishee further moves this Court for an Order finding that Garnishee is entitled to an award of reasonable attorney's fees pursuant to Fla. Stat. §77.28 against the above referenced restrained funds and in support thereof states:

1. Upon securing issuance of the above referenced Writ for Garnishment to Garnishee, Plaintiff deposited the $100.00 statutory fee, as required by Florida Statutes §77.28, in the court registry.

2. Florida Statutes §77.28 provides, in relevant part, that

> [b]efore issuance of any writ of garnishment, the party applying for it shall deposit $100 in the registry of the court which shall be paid to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney's fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ.

3. Accordingly, Garnishee is entitled to the statutory deposit of $100.00 that Plaintiff paid into the registry of the Court and contemporaneous with this Answer is filing its demand for said statutory deposit.

4. However, in processing and responding the Writ of Garnishment, the Garnishee has incurred and anticipates incurring more than the $100.00 statutory fee in attorneys fees and/or costs. See attached Affidavit incorporated herein as **Exhibit A**.

5. Florida Statutes § 77.28 provides, in relevant part, that

> [o]n rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney's fee, and in the event of a judgment in favor of the plaintiff, the amount shall be subject to offset by the garnishee against the defendant whose property or debt owing is being garnished.

See also Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc., 982 So. 2d 628, 633 (S. Ct. 2008)(stating that "Florida garnishment law provides for reimbursement

1443192-1

of a garnishee's attorney's fees, costs, and expenses associated with complying with a writ of garnishment."); Ellis v. Barclays Bank PLC-Miami Agency, 594 So. 2d 826 (Fla. 3d DCA Feb. 25, 1992)(Upon entry of final judgment discharging bank from further liability under the writ of garnishment, matter remanded to determine and award attorneys' fees pursuant to Fla. Stat. § 77.28.); First Nat'l Bank & Trust Co. v. Bryan, 427 So. 2d 392 (Fla. 4th DCA 1983)(Holding that the bank, as garnishee, was merely a stakeholder and was entitled under Fla. Stat. § 77.28 to be reimbursed for the total amount expended as attorney's fees.).

6. As a result, Garnishee is entitled, in addition to the statutory deposit of $100, to the recovery of its reasonable fees and costs incurred herein in the amount of $584.00. As stated above, Garnishee is entitled to recover the net amount of $484.00 from the amounts restrained in accordance with this Writ of Garnishment and said funds should be awarded to Garnishee out of said funds.

7. To the extent this matter is contested (including Garnishee's demand for fees), Garnishee reserves the right to supplement its demand for fees to incorporate any and all additional attorneys fees and costs incurred herein.

WHEREFORE, Garnishee moves this Court for an award of attorney's fees set off against the funds restrained by Garnishee as a result of the Writ of Garnishment, and any further relief deemed just and proper.

1443192-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of Decembert, 2011, I electronically filed the foregoing with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following parties: Loren Law Group, 320 South State Road 7, Suite 300, Plantation, Florida 33317.

ADAMS AND REESE LLP

BY:/s/ Louis M. Ursini, III
   Louis M. Ursini, III
   Florida Bar No. 355940
   Christopher Roach
   Florida Bar No. 0049033
   101 East Kennedy Blvd., Suite 4000
   Tampa, Florida 33602
   Tel: 813-402-2880
   Fax: 813-402-2887
   Louis.Ursini@arlaw.com
   Attorney for Garnishee, Citibank, N.A.

1443192-1

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLENDA OLAZABAL,

    Plaintiff,

vs.   Case No.: 11-23499-CIV-UNGARO/TORRES

JACOB'S CLASSIC MARKET, LLC,
JUAN GALLEGOS,

    Defendants,

and

CITIBANK, N.A.,

    Garnishee.
_____/

**AFFIDAVIT OF ATTORNEY'S FEES AND COSTS**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared the below signed counsel of the law firm of ADAMS AND REESE LLP, who, after being first duly sworn, deposes and states:

    1.    That I am the counsel of record in the above-styled matter for the Garnishee, CITIBANK, N.A.

    2.    That attorneys and paralegals with the law firm of ADAMS AND REESE LLP have spent and anticipate spending to the conclusion of this action the following time in complying with the Writ of Garnishment on behalf of Garnishee:

1443192-1

| Attorney/Paralegal | Hours | Hourly rate | Total |
|---|---|---|---|
| Louis Ursini, Esq. Chris Roach, Esq. | .40 | $260 | $104.00 |

-review and execute prepared Answer to Writ of Garnishment, Motion for Fees, Demand for Fees, and backup documentation from client; anticipated review and analysis of final judgment or stipulation for disbursement of restrained funds.

| Jaimie Griffiths, paralegal | .80 | $60 | $48.00 |
|---|---|---|---|

-review and finalize revised draft answer to writ of garnishment and backup documentation from client for attorney review and approval and prepare the same for filing and service.

| Vicki Melone, paralegal | 2.70 | $160 | $432.00 |
|---|---|---|---|

-review and process new writ of garnishment; exchange correspondence with client regarding confirmation of restrained funds; revise draft answer to writ of garnishment and backup documentation; anticipated process and follow up on request for statutory bond checks; anticipated process of final judgment or stipulation for disbursement of restrained funds (including correspondence with client regarding the same); anticipated process, securing and filing of satisfaction of judgment.

**Total:** $584.00

FURTHER AFFIANT SAYETH NAUGHT.

By: _____

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

SWORN TO and SUBSCRIBED before me this ____ day of _____ by the foregoing Affiant who is:

☐ personally known to me, or

☐ produced _____, as identification.

_____
Signature of Notary Public

_____
Typed/Printed Name of Notary Public

1443192-1

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLENDA OLAZABAL,

    Plaintiff,

vs.                      Case No.: 11-23499-CIV-UNGARO/TORRES

JACOB'S CLASSIC MARKET, LLC,
JUAN GALLEGOS,

    Defendants,

and

CITIBANK, N.A.,

    Garnishee.
_____/

**AFFIDAVIT OF ATTORNEY'S FEES AND COSTS**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared the below signed counsel of the law firm of ADAMS AND REESE LLP, who, after being first duly sworn, deposes and states:

    1.    That I am the counsel of record in the above-styled matter for the Garnishee, CITIBANK, N.A.

    2.    That attorneys and paralegals with the law firm of ADAMS AND REESE LLP have spent and anticipate spending to the conclusion of this action the following time in complying with the Writ of Garnishment on behalf of Garnishee:

1443192-1

| Attorney/Paralegal | Hours | Hourly rate | Total |
|---|---|---|---|
| Louis Ursini, Esq. Chris Roach, Esq. | .40 | $260 | $104.00 |

-review and execute prepared Answer to Writ of Garnishment, Motion for Fees, Demand for Fees, and backup documentation from client; anticipated review and analysis of final judgment or stipulation for disbursement of restrained funds.

| Jaimie Griffiths, paralegal | .80 | $60 | $48.00 |
|---|---|---|---|

-review and finalize revised draft answer to writ of garnishment and backup documentation from client for attorney review and approval and prepare the same for filing and service.

| Vicki Melone, paralegal | 2.70 | $160 | $432.00 |
|---|---|---|---|

-review and process new writ of garnishment; exchange correspondence with client regarding confirmation of restrained funds; revise draft answer to writ of garnishment and backup documentation; anticipated process and follow up on request for statutory bond checks; anticipated process of final judgment or stipulation for disbursement of restrained funds (including correspondence with client regarding the same); anticipated process, securing and filing of satisfaction of judgment.

**Total:**                                                                                                    $584.00

FURTHER AFFIANT SAYETH NAUGHT.

By: ___Christopher Roach___

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

SWORN TO and SUBSCRIBED before me this _21_ day of _Dec., 2011_ by the foregoing Affiant who is:

☑ personally known to me, or

☐ produced _____, as identification.

___Elva Ann Jones___
Signature of Notary Public
ELVA ANN JONES

Typed/Printed Name of Notary Public

Notary Public State of Florida
Elva Ann Jones
My Commission EE127483
Expires 09/14/2015

1443192-1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GLENDA OLAZABAL,

    Plaintiff,

vs.                      Case No.: 11-23499-CIV-UNGARO/TORRES

JACOB'S CLASSIC MARKET, LLC,
JUAN GALLEGOS,

    Defendants,

and

CITIBANK, N.A.,

    Garnishee.
_____/

## DEMAND FOR GARNISHEE'S ATTORNEYS' FEES

Garnishee, CITIBANK, N.A., successor by merger with, by and through its undersigned attorneys, and pursuant to Section 77.28, Florida Statues, hereby demands for payment of the one-hundred dollars ($100.00) deposited by Garnishment Plaintiff into the registry of the court prior to the issuance of the Writ of Garnishment in this action, and reserves its right for further application of attorneys' fees and costs incurred in this matter.

## NOTICE TO CLERK:

Please make your check payable to: **Adams and Reese LLP**.

1443194-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of Decembert, 2011, I electronically filed the foregoing with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following parties: Loren Law Group, 320 South State Road 7, Suite 300, Plantation, Florida 33317.

ADAMS AND REESE LLP


BY: /s/ Louis M. Ursini, III
    Louis M. Ursini, III
    Florida Bar No. 355940
    Christopher Roach
    Florida Bar No. 0049033
    101 East Kennedy Blvd., Suite 4000
    Tampa, Florida 33602
    Tel: 813-402-2880
    Fax: 813-402-2887
    Louis.Ursini@arlaw.com
    Attorney for Garnishee, Citibank, N.A.

1443194-1